UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

ANGELETA LEWIS, ANN MARIE LEWIS AND
NATALIE WILLIAMS,

                                                               Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
FABIAN MODESTO, SHIELD NO. 8846, POLICE
OFFICER JAMES LUKESON, SERGEANT DAVID
GRIECO, AND JOHN DOE #1-4

                                                               Defendants.

----------------------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

20cv5690

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a March 26, 2019 incident, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to false arrest and assault.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the

boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiffs are residents of Kings County, New York.

7. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

8. Police Officer Fabian Modesto, James Lukeson and Sgt. David Grieco, were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, defendants were involved in the illegal arrest of plaintiffs and/or failed to intervene in the actions of their fellow officers. Defendants are sued in their individual capacities.

9. All other individual defendants ("the officers"), including John Doe #1-4, individuals whose names are currently unknown to plaintiffs, are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notices of

Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. Plaintiff Angeleta Lewis is Ann Marie Lewis' mother. Plaintiff Natalie Williams is a family friend.

13. On March 26, 2019, the three plaintiffs were inside of plaintiff Angeleta Lewis' home at 565 Crown St., Apartment 4E in Brooklyn, NY. Plaintiff Ann Marie Lewis had been staying at the apartment with her teenage son for several months. Plaintiff Natalie Williams had been visiting the night before.

14. At approximately 6:00AM, several NYPD officers, including the defendants, knocked down the front door and stormed inside with their guns drawn and yelling for everyone to get on the floor. The plaintiffs were all in the living room of the apartment. Plaintiff Ann Marie Lewis' teenage son and teenage brother were in separate bedrooms in the apartment.

15. Plaintiff Ann Marie sat a table and plaintiff Angeleta Lewis sat on the couch. Plaintiff Williams got on the ground. The plaintiffs were extremely frightened and confused. The officers guarded them while they searched the apartment.

16. The defendant officers began asking the plaintiffs about the location of "Junior", another adult family member who did not live in the apartment. Plaintiffs explained that Junior was not currently in the apartment and had not been there in days. Plaintiff Angeleta Lewis explained that Junior was living with a girlfriend, but she did not know the address.

17. No contraband was found on the plaintiffs, in their vicinity or in any common areas of the apartment. Despite not having a warrant for their arrest or any cause to believe a crime had been committed, the defendant officers took the plaintiffs from the home in handcuffs and drove them in a police van to the 67th precinct. At the precinct, each plaintiff was searched and then forced

to sit on a bench while handcuffed to the wall. For more than six hours the plaintiffs remained on that bench without any explanation given for their arrest.

18. Eventually, officers came to interrogate the plaintiffs again about how to find Junior. Plaintiff Angeleta Lewis explained that she had a number for Junior saved in her phone but her phone was back in the apartment. To her surprise, the officer then produced her phone having illegally confiscated it from the apartment. Plaintiff Angeleta Lewis gave the officer a phone number for Junior's girlfriend.

19. The defendant officers repeatedly told plaintiffs they couldn't leave until Junior "cleared them". The officers wanted to find Junior and decided to arrest three innocent women and detain them without cause until they got what they wanted.

20. At some point while they were being illegally held, and without the plaintiffs' knowledge, Junior did voluntarily come to the precinct, was interviewed by the officers and permitted to leave. At approximately 4:30PM, the plaintiffs were released from the precinct without any charges being filed against them.

21. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

**DAMAGES**

23. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a.    Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b.    Violation of their rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    c.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    d.    Loss of liberty;

    e.    Economic loss.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – as to Individual Defendants

24. The above paragraphs are here incorporated by reference.

25. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

26. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

27. Defendants arrested plaintiffs without probably cause and failed to intervene in each other's obviously illegal actions.

28. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
False Arrest

29. The above paragraphs are here incorporated by reference.

30. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

31. Defendants intended to confine plaintiffs, plaintiffs were conscious of their confinement, and did not consent to their confinement.

32. Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrest, detention and imprisonment.

33. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

## THIRD CAUSE OF ACTION
Assault and Battery

34. The above paragraphs are here incorporated by reference.

35. By seizing, intimidating, questioning, and forcibly grabbing and handcuffing plaintiffs, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and offensive touching.

36. Defendants engaged in and subjected plaintiffs to immediate harmful and offensive touching and battered them without their consent.

37. Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrest, detention, and imprisonment.

38. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

## FOURTH CAUSE OF ACTION
Respondeat Superior

39. The above paragraphs are here incorporated by reference.

40. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

41. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgments against the defendants, jointly and severally, as follows:

    A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

    B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action;

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

November 23, 2020
New York, NY

TO:    City of New York
Corporation Counsel Office
100 Church Street
New York, NY 10007

Police Officer Fabian Modesto
Police Officer James Lukeson
67th Precinct
2820 Snyder Ave.
Brooklyn, NY 11216

Sergeant David Grieco #3830
Criminal Intelligence Division
1 Police Plaza
New York, NY 10007

Respectfully yours,

*/s/ Nicole Bellina*

By: Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
5030 Broadway Suite 652
New York, NY 10034
(718) 852-3710
NBellina@stollglickman.com