UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGELETA LEWIS, ANN MARIE LEWIS AND
NATALIE WILLIAMS,

                                            Plaintiffs,

-versus-

THE CITY OF NEW YORK, POLICE OFFICER
FABIAN MODESTO, SHIELD NO. 8849, POLICE
OFFFICER JAMES LUKESON, SERGEANT DAVID
GREICO, AND JOHN DOE #1-4,
                                            Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, FABIAN MODESTO, AND JAMES LUKESON**

20 CV 05690 (MKB)(CLP)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       Defendants[1], City of New York, Fabian Modesto, and James Lukeson, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the allegations arise from an incident that occurred on March 26, 2019.

       3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

---

[1] Upon information and belief, Sergeant David Grieco has not yet been served with process in this action.

6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Police Officers Fabian Modesto, James Lukeson, and Sergeant David Grieco, were and are police officers with the New York City Police Department.

9. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

10. The allegations set forth in paragraph "10" of the Complaint constitute conclusions of law rather than averments of fact, and as such no response is required.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on March 26, 2019, plaintiffs were inside of 565 Crown Street, Apartment 4E, in Brooklyn, New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that several NYPD officers, including defendants Fabian Modesto and James Lukeson, entered the apartment to execute a search warrant.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the officers searched the apartment.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that no contraband was found on plaintiffs, and that they were handcuffed and taken to the 67th precinct.

18. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the plaintiffs were released from the precinct without any charges filed against them.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, including all subparts.

24. In response to the allegations set forth in paragraph "24" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1-23" inclusive of their answer, as fully set forth therein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. In response to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1-28" inclusive of their answer, as fully set forth therein.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiffs were detained by members of the New York City Police Department.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiffs were detained by members of the New York City Police Department.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1-33" inclusive of their answer, as fully set forth therein.

35. Deny the allegations set forth in paragraph "35' of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiffs were detained by members of the New York City Police Department.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1-38" inclusive of their answer, as fully set forth therein.

40. The allegations set forth in paragraph "40" of the Complaint constitute conclusions of law rather than averments of fact, and as such no response is required.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

42. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

43. Any injury alleged to have been sustained resulted from plaintiffs' own culpable, negligent, or intervening conduct, or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

44. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

45. Defendants Modesto and Lukeson have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore, are entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

47. Punitive damages are not recoverable against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

48. Plaintiff has failed to state a viable claim against defendant City under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, Fabian Modesto, and James Lukeson request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 1, 2021

                JAMES E. JOHNSON
                Corporation Counsel
                of the City of New York
                *Attorney for Defendants City, Modesto, and Fabian*
                100 Church Street
                New York, New York 10007
                (212) 356-3156
                lsandfor@law.nyc.gov

                By:    LADONNA S. SANDFORD
                        *Senior Counsel*
                        Special Federal Litigation Division