UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

ANGELETA LEWIS, ANN MARIE LEWIS AND
NATALIE WILLIAMS,

                           Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
FABIAN MODESTO, SHIELD NO. 8846, POLICE
OFFICER JAMES LUKESON, SERGEANT DAVID
GRIECO, AND JOHN DOE #1-4,

                      Defendants.

-----------------------------------------------------------------------------------X

**ANSWER TO
COMPLAINT**

20-CV-05690-MKB-CLP

*Jury Trial Demanded*

      Defendant David Grieco (hereinafter, "Defendant Grieco"), by his attorney Matthew K.

Schieffer, Esq. of The Quinn Law Firm, for his answer to Plaintiffs' Complaint (the

"Complaint"), respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

      1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admit

that Plaintiffs purport to bring this action and assert claims as stated therein.

      2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admit

that Officers of the New York City Police Department were acting under color of state law.

      3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admit

that the Plaintiffs seek monetary damages.

## JURISDICTION

      4.      Denies the allegations set forth in paragraph "4" of the Complaint, and

respectfully refer all questions of law to the Court.

5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs purport to base venue as stated therein.

## PARTIES

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.     Denies the allegations set forth in paragraph "7" of the Complaint, except admit that defendant City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and NYPD.

8.     Denies the allegations set forth in paragraph "8" of the Complaint, except admit that at all times herein relevant, Defendant Grieco was a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.     Admit the allegations set forth in paragraph "10" of the Complaint.

## NOTICE OF CLAIM

11.     Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint.

**DAMAGES**

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – as to Individual Defendants**

24.     In response to the allegations set forth in paragraph "24" of the Complaint, Defendant repeats and realleges the previous responses of this Answer, as if fully set forth herein.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

**SECOND CAUSE OF ACTION**
**False Arrest**

29.     In response to the allegations set forth in paragraph "29" of the Complaint, Defendant repeats and realleges the previous responses of this Answer, as if fully set forth herein.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

**THIRD CAUSE OF ACTION**
**Assault and Battery**

34.     In response to the allegations set forth in paragraph "34" of the Complaint, Defendant repeats and realleges the previous responses of this Answer, as if fully set forth herein.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Complaint.

**FOURTH CAUSE OF ACTION**
**Respondeat Superior**

39.     In response to the allegations set forth in paragraph "39" of the Complaint, Defendant repeats and realleges the previous responses of this Answer, as if fully set forth herein.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

## AS AND FOR A FIRST CROSS CLAIM AGAINST
## DEFENDANT, THE CITY OF NEW YORK

42.         In response to the allegations set forth in paragraph "42" of the Complaint, Defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein. The actions of Defendant Grieco at the time and date in issue were performed as part of his duty, and he was properly acting within the scope of his office as a New York City Police Sergeant, and any liability to the Plaintiff must be assumed by the City of New York pursuant to General Municipal Law section 50-k.

## AS AND FOR A SECOND CROSS CLAIM AGAINST
## DEFENDANT, THE CITY OF NEW YORK

56.       In response to the allegations set forth in paragraph "56" of the Complaint, Defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57       Defendant Grieco, as a result of the institution of this action is exposed to potential financial liabilities due to the fact that he secured the services of attorneys to represent him.

58.       The actions of Defendant Grieco at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his office as a New York City Police Sergeant, and the expense of his legal defense must be assumed by the City of New York, pursuant to General Municipal Law section 50-k.

59.       By reason of the foregoing, Defendant Grieco will be damaged in an uncalculated amount and he demands the payment of all reasonable attorneys' fees and other disbursements and costs incurred in the defense of this action from the City of New York.

## AS AND FOR A THIRD CROSS CLAIM AGAINST
## DEFENDANT, THE CITY OF NEW YORK

60.     In response to the allegations set forth in paragraph "60" of the Complaint, Defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

61.     If the Plaintiff was caused damages as alleged due to the culpable conduct of Defendant Grieco, then such damages were due to the culpable conduct, negligent acts or omissions of the City of New York.

62.     The actions of Defendant Grieco at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his employment and office as a New York City Police Sergeant, and any resulting liability to Plaintiff must be assumed by Defendant Grieco's employer The City of New York pursuant to the principle of respondeat superior.

63.     Based on the principle of respondeat superior, if Plaintiff recovers any judgment against Defendant Grieco, then he is entitled to recover the amount of such judgment from Defendant City of New York.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     At all times relevant hereto, Defendant Grieco acted in good faith and took appropriate action in the discharge of his official duties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     Defendant Grieco, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and

his conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     At all times relevant hereto, Defendant Grieco acted in accordance with all laws, rules and regulations and pursuant to their statutory authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     For a separate and distinct affirmative defense, Defendant Grieco alleges that the Complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     For a separate and distinct affirmative defense, Defendant Grieco alleges that he is immune from liability for the matters stated in the Complaint in that all of his alleged actions, if any, were made in good faith, without malice and performed in his official capacity as an employee of the New York City Police Department.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.     For a separate and distinct affirmative defense, Defendant Grieco alleges that Plaintiff's rights, privileges and immunities secured under the Constitution, or laws of the United States, if they exist at all, have not been violated by an alleged act of the defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.     This action is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.         City Defendants have not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.         Any injuries suffered by Plaintiff are a result of his own culpable and/or negligent conduct.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.         Any of Plaintiffs' City of State law claims which accrued more than one year and ninety (90) days prior to the commencement of this action are time-barred by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.         Some or all of Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75.         Plaintiff provoked the incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76.         There was probable cause for any seizure and reasonable suspicion for any stop.

**WHEREFORE**, Defendant Grieco demands judgment:

I.      Dismissing the Complaint in its entirety;

II.     Granting Defendant Grieco the costs, disbursements, expenses and reasonable

attorney's fees and such other relief as this Court may deem just and proper.

Dated:  White Plains, New York
        June 21, 2021


                                        Respectfully submitted,

                                        *Matthew K. Schieffer*
                                        _____
                                        Matthew K. Schieffer (MS 4043)
                                        The Quinn Law Firm, P.L.L.C.
                                        Attorneys for Defendant David Grieco
                                        399 Knollwood Road, Suite 220
                                        White Plains, New York 10603
                                        Tel: (914) 997 – 0555
                                        Fax: (914) 997 – 0550
                                        mschieffer@quinnlawny.com



To:     Nicole Bellina, Esq.
        Stoll, Glickman & Bellina, LLP
        Attorneys for Plaintff
        5030 Broadway, Suite 652
        New York, New York 10034

        LaDonna S. Sandford, Esq.
        The City of New York
        Law Department
        100 Church Street
        New York, New York 10007