UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGELETA LEWIS, ANN MARIE LEWIS AND NATALIE WILLIAMS,

                                       Plaintiffs,

-versus-

THE CITY OF NEW YORK, POLICE OFFICER FABIAN MODESTO, SHIELD NO. 8849, POLICE OFFFICER JAMES LUKESON, SERGEANT DAVID GREICO, AND JOHN DOE #1-4,

                                       Defendants.

------------------------------------------------------------------------ x

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE CROSS-CLAIMS OF DEFENDANT DAVID GRIECO**

20 CV 05690 (MKB)(CLP)

JURY TRIAL DEMANDED

        Defendant City of New York (hereinafter "Defendant City"), by its attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for its Answer to the cross-claims set forth in Defendant David Grieco's Answer to the Complaint, filed on June 21, 2021, respectfully alleges, upon information and belief, as follows:

                                                        \*\*\*

        1.        The allegations set forth in paragraph "42" of the cross-claims constitute conclusions of law rather than averments of fact, and as such no response is required. To the extent a response is required, Defendant City denies the allegations set forth in paragraph "42" of the cross-claims.

        2.        In response to the allegations set forth in paragraph "56" of the cross-claims, Defendant City repeats and realleges the responses set forth in the preceding paragraph, inclusive of its Answer[1].

---

[1] Defendant Grieco's answer and cross-claims erroneously skips from paragraph "42" to paragraph "56".

3. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the cross-claims.

4. The allegations set forth in paragraph "58" of the cross-claims constitute conclusions of law rather than averments of fact, and as such no response is required. To the extent a response is required, Defendant City denies the allegations set forth in paragraph "58" of the cross-claims.

5. Deny the allegations set forth in paragraph "59" of the cross-claims.

6. In response to the allegations set forth in paragraph "60" of the cross-claims, Defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of its Answer.

7. Deny the allegations set forth in paragraph "61" of the cross-claims.

8. The allegations set forth in paragraph "62" of the cross-claims constitute conclusions of law rather than averments of fact, and as such no response is required. To the extent a response is required, Defendant City denies the allegations set forth in paragraph "62" of the cross-claims.

9. Deny the allegations set forth in paragraph "63" of the cross-claims.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:**

10. Defendant Grieco's cross-claims against Defendant City fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:**

11. Defendant Grieco's cross-claims are barred as Defendant Grieco was determined, pursuant to New York General Municipal Law § 50-k, to have been acting in violation

of the rules and regulations of the New York City Police Department and/or outside the scope of his employment at the time of the incident giving rise to the instant case.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

12. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City of New York violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

13. Any injury alleged to have been sustained by plaintiff was not the proximate result of conduct on the part of Defendant City and resulted, in whole or in part, from the culpable, negligent and/or intervening conduct of Defendant Grieco.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

14. At all times relevant to the incident, Defendant City acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

15. To the extent Defendant Grieco asserts state law claims against the City of New York, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

16. Defendant Grieco's cross-claims against Defendant City are not ripe for adjudication.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

17. This Court lacks jurisdiction over Defendant Grieco's cross-claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO DEFENDANT GRIECO'S CROSS-CLAIMS:

18. Defendant Grieco's cross-claims may be barred in part by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** Defendant City of New York requests judgment dismissing Defendant Grieco's cross-claims in their entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 12, 2021

> GEORGIA PESTANA
> Acting Corporation Counsel
> of the City of New York
> *Attorney for Defendants City, Modesto, and Lukeson*
> 100 Church Street
> New York, New York 10007
> (212) 356-3156
> lsandfor@law.nyc.gov
>
> By: _____
> LADONNA S. SANDFORD
> *Senior Counsel*
> Special Federal Litigation Division